(No. 76-CC-0340—)

DAISY SUE WORLEY, Administratrix of the Estate of MAURICE L. WORLEY, Claimant, *v.* STATE OF ILLINOIS and Department of Transportation, Respondent.

*Opinion filed December 8, 1978.*

JOHN R. GLIDDEN, of HARTZELL, GLIDDEN, TUCKER & NEFF, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; M.J. SIM-HAUSER, Special Assistant Attorney General, for Respondent.

POCH, J.

Claimant, Daisy Sue Worley, Administratrix of her late husband, Maurice L. Worley, brought this action to recover damages for his death.

Claimant contends that the death of her husband was caused by negligence of the Department of Transportation in the maintenance and failure to warn of a condition adjacent to a public highway.

The issues in this case are:
1. Whether there was any evidence to show due care and freedom from contributory negligence on the part of the defendant;
2. Whether there was any evidence introduced to show actual or constructive notice on the part of the State as to a railroad's placement of boulders on an embankment adjacent to a public highway a few hours prior to an accident;
3. Whether the State had a duty to erect a barricade to prevent motorists from intentionally driving off the surface of a highway at the end of a road.

This claim arises out of an accident which occurred on September 15, 1973, on old US Route 34 in Henderson County, Illinois. The particular area in question is the old highway US Route 34 which, prior to this occurrence, had been replaced by a new Route 34 which

bypasses the Village of Gulfport. At the point in question, the old Route 34 passes under the Burlington Northern Railroad tracks through a viaduct. Said railroad Company had filled in the viaduct and build the embankment with sand and dirt due to a high water flood occurring in 1965, which forced the railroad to discontinue usage of the railway. On the day prior to the accident large boulders were deposited by the Burlington Northern Railroad upon the embankment. Apparently there was no prior notice of the railroad's intention to take this action.

The old US Route 34 leading up to the dead end in question, had been used to aid in shortcuts taken by motorcyclists such as the decedent. On the night of the accident, Maurice L. Worley had been observed having taken a tumble in front of the Western Tavern in Gulfport as witnessed and testified by two police officers who tried to assist the decedent. However, Mr. Worley, bleeding from a head wound profusely, refused all assistance, mounted his motorcycle and drove off. Shortly thereafter, he ran a stop sign at a nearby intersection, upon which the officers pursued him using their red lights and siren. Mr. Worley then headed toward the dead end of Route 34 at a speed greater than 60 m.p.h. His apparent flight from the police ended in the boulders which he had reached without even having made skid marks before leaving the road, according to testimony.

Evidence introduced that the road in question ended at a railroad embankment. The State had widened the road and built a space for vehicles to turn around at the road's end. Signs warning motorists of the dead end in the road ahead had been erected along the sides of the road prior to reaching the dead end.

From the record of the proceedings and transcript of the evidence it is the finding of the Court that the death of the decedent was due to the failure of the Claimant to show due care and freedom from contributory negligence on the part of the decedent, nor was evidence introduced to show actual or constructive notice on the part of the State as to the railroad's placement of boulders on the embankment adjacent to a public highway a few hours before the accident.

There was no duty on the State to erect a barricade to prevent motorists from intentionally driving off the surface of a highway at the end of the road; the fact is that the decedent had full knowledge of the fact that the road was terminated at said area and knew the surroundings well.

For the above reasons the claim is denied.